# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

In re: §
§
Christopher M Strenz § Case No. 14-44019
§
                Debtor §

## TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1. A petition under chapter 7 of the United States Bankruptcy Code was filed on 12/09/2014. The undersigned trustee was appointed on 12/09/2014.

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554 except that the trustee reserves, pursuant to 11 U.S.C. section 554(c), the estate's interest in the following: Asset #2 (Savings Account Location: Earthmover Credit Union Account N) no administering the overage because they could amend to move exemption off of other earthmover account and onto this one; Asset #8 (Tax Refund) Sending the tax intercept letter; Asset #9 (Capital One, Return of preference) Received funds The filing of the Trustee's Final Report shall not be deemed an abandonment of the estate's interest in this asset. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A**.

4. The trustee realized gross receipts of          $     4,774.38

   Funds were disbursed in the following amounts:

   | | |
   |---|---|
   | Payments made under an interim disbursement | 0.00 |
   | Administrative expenses | 0.00 |
   | Bank service fees | 90.00 |
   | Other payments to creditors | 0.00 |
   | Non-estate funds paid to 3rd Parties | 0.00 |

|  |  |  |
|---|---|---|
| Exemptions paid to the debtor |  | 0.00 |
| Other payments to the debtor |  | 0.00 |
| Leaving a balance on hand of[1] | $ | 4,684.38 |

The remaining funds are available for distribution.

5. Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

6. The deadline for filing non-governmental claims in this case was 01/19/2016 and the deadline for filing governmental claims was 01/19/2016 . All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved. If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

7. The Trustee's proposed distribution is attached as **Exhibit D**.

8. Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $ 1,193.60 . To the extent that additional interest is earned before case closing, the maximum compensation may increase.

The trustee has received $ 0.00 as interim compensation and now requests a sum of $ 1,193.60 , for a total compensation of $ 1,193.60 [2]. In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $ 0.00 , and now requests reimbursement for expenses of $ 0.00 , for total expenses of $ 0.00 [2].

Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date: 03/15/2016          By: /s/Cindy M. Johnson
                              Trustee

**STATEMENT**: This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. §326(a) on account of the disbursement of the additional interest.

[2] If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D).

UST Form 101-7-TFR (5/1/2011) *(Page: 2)*

**FORM 1**
**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**
**ASSET CASES**

Exhibit A

| Case No: | 14-44019 | BWB | Judge: | Bruce W. Black | Trustee Name: | Cindy M. Johnson |
|---|---|---|---|---|---|---|
| Case Name: | Christopher M Strenz | | | | Date Filed (f) or Converted (c): | 12/09/2014 (f) |
| | | | | | 341(a) Meeting Date: | 01/08/2015 |
| For Period Ending: | 03/15/2016 | | | | Claims Bar Date: | 01/19/2016 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Values | Est Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Formally Abandoned OA=554(a) | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| 1. Checking Account Earthmover Credit Nions Account Number Endi | 470.00 | 0.00 | | 0.00 | FA |
| 2. Savings Account Location: Earthmover Credit Union Account N | 25.00 | 0.00 | | 0.00 | FA |
| 3. Security Deposit Location: Landlord | 595.00 | 0.00 | | 0.00 | FA |
| 4. Living Room Furniture, Kitchen Table/Chairs, Bedroom Set, Co | 1,500.00 | 0.00 | | 0.00 | FA |
| 5. Clothing For Adult Male Location: 4119 Osbron Street, Plano | 300.00 | 0.00 | | 0.00 | FA |
| 6. 2011 Chevy Equinox - 54000 Miles Location: 4119 Osbron Stree | 13,168.00 | 0.00 | | 0.00 | FA |
| 7. 1998 Honda Civic - 300,000 Miles Location: 4119 Osbron Stree | 1,356.00 | 0.00 | | 0.00 | FA |
| 8. Tax Refund (u) | 0.00 | 2,852.00 | | 2,852.00 | FA |
| 9. Capital One, Return of preference (u) | 0.00 | 1,922.38 | | 1,922.38 | FA |
| INT. Void (u) | Unknown | N/A | | 0.00 | FA |

Gross Value of Remaining Assets

| TOTALS (Excluding Unknown Values) | $17,414.00 | $4,774.38 | | $4,774.38 | $0.00 |

(Total Dollar Amount in Column 6)

Major activities affecting case closing which are not reflected above, and matters pending, date of hearing or sale, and other action:

All assets fully administered. Bar date for claims is 1/19/16. Trustee will review claims once bar date passes.

RE PROP #        9   --   Perferential transfer

Initial Projected Date of Final Report (TFR): 03/09/2017        Current Projected Date of Final Report (TFR): 03/09/2017

UST Form 101-7-TFR (5/1/2011) *(Page: 3)*

**FORM 2**

**ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD**

| | |
|---|---|
| Case No: 14-44019 | Trustee Name: Cindy M. Johnson |
| Case Name: Christopher M Strenz | Bank Name: Bank of Kansas City |
| | Account Number/CD#: XXXXXX0077 |
| | Checking |
| Taxpayer ID No: XX-XXX1447 | Blanket Bond (per case limit): $55,728,000.00 |
| For Period Ending: 03/15/2016 | Separate Bond (if applicable): |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account/CD Balance ($) |
| 05/05/15 | 8 | United States Treasury<br>Kansas City, MO | 2014 Tax Refund | 1224-000 | $2,852.00 | | $2,852.00 |
| 05/15/15 | 101 | Adams Levine<br>Surety Bond Agency<br>60 East 42 st<br>Room 965<br>New York, NY 10165 | 2015 Blanket Bond | 2300-000 | | $0.68 | $2,851.32 |
| 05/29/15 | | Bank of Kansas City | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $10.00 | $2,841.32 |
| 06/04/15 | 101 | Adams Levine<br>Surety Bond Agency<br>60 East 42 st<br>Room 965<br>New York, NY 10165 | 2015 Blanket Bond Reversal<br>Trustee previously paid bond premium out of pocket. | 2300-000 | | ($0.68) | $2,842.00 |
| 06/30/15 | | Bank of Kansas City | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $10.00 | $2,832.00 |
| 07/09/15 | 9 | Blitt And Gaines, P.C - Discover FNCL SVC Trust Fund<br>661 Glenn Avenue<br>Wheeling, IL 60090 | Preferential Transfer | 1241-000 | $1,922.38 | | $4,754.38 |
| 07/31/15 | | Bank of Kansas City | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $10.00 | $4,744.38 |
| 08/31/15 | | Bank of Kansas City | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $10.00 | $4,734.38 |
| 09/30/15 | | Bank of Kansas City | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $10.00 | $4,724.38 |
| 10/30/15 | | Bank of Kansas City | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $10.00 | $4,714.38 |
| 11/30/15 | | Bank of Kansas City | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $10.00 | $4,704.38 |

UST Form 101-7-TFR (5/1/2011) *(Page: 4)*     Page Subtotals:     $4,774.38     $70.00

**FORM 2**
**ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD**

Exhibit B

| | |
|---|---|
| Case No: 14-44019 | Trustee Name: Cindy M. Johnson |
| Case Name: Christopher M Strenz | Bank Name: Bank of Kansas City |
| | Account Number/CD#: XXXXXX0077 |
| | Checking |
| Taxpayer ID No: XX-XXX1447 | Blanket Bond (per case limit): $55,728,000.00 |
| For Period Ending: 03/15/2016 | Separate Bond (if applicable): |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account/CD Balance ($) |
| 12/31/15 | | Bank of Kansas City | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $10.00 | $4,694.38 |
| 01/29/16 | | Bank of Kansas City | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $10.00 | $4,684.38 |
| 02/18/16 | 102 | Adams Levine<br>370 Lexington Ave.<br>Suite 1101<br>New York, NY 10017 | 2016 Blanket Bond Reversal Check Voided due to miscalculation of premium amount | 2300-000 | | ($2.71) | $4,687.09 |
| 02/18/16 | 102 | Adams Levine<br>370 Lexington Ave.<br>Suite 1101<br>New York, NY 10017 | 2016 Blanket Bond | 2300-000 | | $2.71 | $4,684.38 |

| | | |
|---|---|---|
| COLUMN TOTALS | $4,774.38 | $90.00 |
| Less: Bank Transfers/CD's | $0.00 | $0.00 |
| Subtotal | $4,774.38 | $90.00 |
| Less: Payments to Debtors | $0.00 | $0.00 |
| Net | $4,774.38 | $90.00 |

UST Form 101-7-TFR (5/1/2011) *(Page: 5)*    Page Subtotals:    $0.00    $20.00

Exhibit B

TOTAL OF ALL ACCOUNTS

|  | NET DEPOSITS | NET DISBURSEMENTS | ACCOUNT BALANCE |
|---|---|---|---|
| XXXXXX0077 - Checking | $4,774.38 | $90.00 | $4,684.38 |
|  | $4,774.38 | $90.00 | $4,684.38 |
|  | (Excludes account transfers) | (Excludes payments to debtors) | Total Funds on Hand |

| Total Allocation Receipts: | $0.00 |
|---|---|
| Total Net Deposits: | $4,774.38 |
| Total Gross Receipts: | $4,774.38 |

Exhibit C
ANALYSIS OF CLAIMS REGISTER

Case Number: 14-44019  
Debtor Name: Christopher M Strenz  
Claims Bar Date: 1/19/2016  

Date: March 15, 2016

| Code # | Creditor Name And Address | Claim Class | Notes | Scheduled | Claimed | Allowed |
|---|---|---|---|---|---|---|
| 100<br>2100 | Cindy M. Johnson<br>140 S. Dearborn St., Suite 1510<br>Chicago, Illinois 60603 | Administrative | | $0.00 | $1,193.60 | $1,193.60 |
| 1<br>300<br>7100 | Discover Bank<br>Discover Products Inc<br>Po Box 3025<br>New Albany, Oh 43054-3025 | Unsecured | | $0.00 | $4,673.69 | $4,673.69 |
| 2<br>300<br>7100 | Pyod, Llc Its Successors And<br>Assigns As Assignee<br>Of Citibank, N.A.<br>Resurgent Capital Services<br>Po Box 19008<br>Greenville, Sc 29602 | Unsecured | | $0.00 | $15,307.87 | $15,307.87 |
| | Case Totals | | | $0.00 | $21,175.16 | $21,175.16 |

Code#: Trustee's Claim Number, Priority Code, Claim Type (UTC)

### TRUSTEE'S PROPOSED DISTRIBUTION

Exhibit D

Case No.: 14-44019  
Case Name: Christopher M Strenz  
Trustee Name: Cindy M. Johnson  

Balance on hand $ 4,684.38

Claims of secured creditors will be paid as follows:

NONE

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee Fees: Cindy M. Johnson | $ 1,193.60 | $ 0.00 | $ 1,193.60 |

Total to be paid for chapter 7 administrative expenses   $ 1,193.60  
Remaining Balance   $ 3,490.78

Applications for prior chapter fees and administrative expenses have been filed as follows:

NONE

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $ 0.00 must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

NONE

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

UST Form 101-7-TFR (5/1/2011) *(Page: 8)*

Timely claims of general (unsecured) creditors totaling $ 19,981.56 have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be 17.5 percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 1 | Discover Bank | $ 4,673.69 | $ 0.00 | $ 816.49 |
| 2 | Pyod, Llc Its Successors And Assigns As Assignee | $ 15,307.87 | $ 0.00 | $ 2,674.29 |
| | Total to be paid to timely general unsecured creditors | | | $ 3,490.78 |
| | Remaining Balance | | | $ 0.00 |

Tardily filed claims of general (unsecured) creditors totaling $ 0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be 0.0 percent.

Tardily filed general (unsecured) claims are as follows:

NONE

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $ 0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be 0.0 percent.

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

NONE